17740—B. B. Chapman, Admr., v. Emery Hollo. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

17742—Mary Alice Bevis v. The American Railway Express Co. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

17743—Charles F. Dyson v. The Alliance Cold Storage and Packing Co. et al. Motion for an order directing the Court of Appeals of Stark county to certify its record. Overruled.

17745—Charles F. Schueler v. Ella F. Richards. Motion for an order directing the Court of Appeals of Summit county to certify its record. Sustained.

17746—Eli H. Ellis et al. v. Ella F. Richards. Motion for an order directing the Court of Appeals of Summit county to certify its record. Dismissed on application of plaintiff in error.

17749—The Hadfield-Penfield Steel Co. v. Albert Sheller, by etc. Motion for an order directing the Court of Appeals of Lake county to certify its record. Sustained.

17750—The Wellston Iron Furnace Co. v. Harvey Rinehard, Admr. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Sustained.

17759—Paul Radke v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Sustained.

17613—James H. Armacost et al v. Virgil Piatt. Motion for an order directing the Court of Appeals of Drake county to certify its record. Overruled.

17688—Theodore Rigg et al. v. The Home Building & Savings Co. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled.

17718—Charles O. Jenkins v. Abbie S. Jenkins. Motion by defendant to dismiss petition in error in Cause No. 17718 on the General Docket. Sustained.

17738—The Standard Motor Car Co. v. John J. Joyce et al. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled.

17751—Carnegie Steel Co. v. Yanko Zebich. Motion for an order directing the Court of Appeals of Trumbull county to certify its record. Sustained.

17752—Christ Engenides et al. v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Overruled.

17753—Dr. J. C. Fox v. Vitantiono Federico. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

17754—George William Wallace, doing business as Wallace & Company, v. The Tillotson & Wolcott Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

17755—Gerald Lopez, an infant, v. The King Bridge Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained.

17763—The Mason Tire & Rubber Co. v. John N. Lansinger. Motion for an order directing the Court of Appeals of Portage county to certify its record. Overruled.

## SYLLABI

No. 17564—Ludie Clifford Shelton v. The State of Ohio. Error to the Court of Appeals of Hamilton county.

**MURDER—(1) Evidence of accused's former unexpiated for crime conviction—Also of another untried indictment—And of his being a fugitive from justice—Admissible to show motive—(2) Not incompetent because the person killed by accused was a police officer in full uniform, and had no knowledge or suspicion of such facts—Sufficient if arrest would likely lead to a discovery of the same.**

MARSHALL, C. J.:

1. Upon the trial of a person indicted for the murder of a policeman while in the act of making an arrest and search of a suspicious character, evidence that the accused had been convicted of another crime for whcih he had not served the full term of his imprisonment, that he had been indicted for still another crime, for which he had not yet been tried, and that he had escaped from custody and was at the time of such homicide a fugitive from justice, as to both charges, is admissible for the purpose of showing motive.

2. Such evidence is not rendered incompetent because the deceased, who was a police officer in full uniform, had no knowledge or suspicion of such former unexpiated conviction, such other untried indictment, and that accused was a fugitive from justice; but it is sufficient if such arrest would likely lead to the discovery of same.

Judgment affirmed.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.

No. 17416—Harry S. Seaman v. The State of Ohio. Error to the Court of Appeals of Montgomery county.

**SUSPENSION OF SENTENCE—Order covering support and bond—under 13010 GC—Compliance with the order, and execution and delivery of bond, effects a suspension of sentence, conditionally, under 13015 GC.**

CLARK, J.:

When a person convicted under Section 13008, General Code, appears for sentence and the court thereupon, under the authority of Section 13010, General Code, proceeds to make an order covering support and bond and appoints a trustee, and the convicted person forthwith complies with such order and executes and delivers bond, conditioned as provided by Section 13010, General Code, such procedure effects a suspension of the sentence provided for in Section 13008, and the same stands suspended, conditioned upon the continued compliance by the convicted person with such order or any modification thereof made under the authority of Section 13015, General Code.

Judgment reversed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.